**PETERSON WATTS LAW GROUP, LLP**
GLENN W. PETERSON, ESQ. (126173)
TARA L. PARIS, ESQ. (363893)
gpeterson@petersonwatts.com
tparis@petersonwatts.com
2267 Lava Ridge Court, Suite 210
Roseville, CA  95661
Phone: (916) 780-8222
Fax:    (916) 780-8775

*Attorney for Plaintiff,*
Production Chemical Manufacturing, Inc.,
d/b/a Production Car Care Products

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRODUCTION CHEMICAL MANUFACTURING, INC. d/b/a Production Car Care Products, a California Corporation.<br><br>Plaintiff,<br>vs.<br><br>QUALITY CHEMICAL COMPANY, d/b/a Best Cleaning Supply, a Florida Corporation; and DOES 1-50, inclusive;<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR TRADEMARK COUNTERFEITING AND RELATED LANHAM ACT VIOLATIONS**<br><br>JURY DEMAND |

Plaintiff Production Chemical Manufacturing, Inc. dba Production Car Care Products ("Plaintiff"), for its complaint against Defendant Quality Chemical Company d/b/a Best Cleaning Supply ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), as this action arises under the federal trademark laws of the United States, specifically the Lanham Act. This Court has jurisdiction to hear claims for trademark infringement, unfair competition, and false designation of origin under federal law.

2. This Court has personal jurisdiction and/or specific jurisdiction over Defendant because Defendant has conducted substantial business activities within California, including the sale and

1  distribution of products bearing Plaintiff's trademark through interstate commerce via online
2  platforms accessible to consumers in California and throughout the United States.

3      3. Venue is proper in this judicial district because Defendant is subject to general jurisdiction
4  here, and a substantial part of the events giving rise to these claims occurred within this judicial
5  district.

6      4. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c)
7  because Defendant has committed acts of infringement in this District and has advertised, offered for
8  sale, sold, and distributed the accused infringing products to customers located within this District.
9  Defendant has purposefully directed its commercial activities toward this District through, inter alia,
10 its interactive website, online marketplaces, and other distribution channels, through which residents
11 of this District have purchased the accused products.

12     5. Evidence of sales of infringing products purchased from and delivered to a location in
13 Stockton, California includes the following:



[Screenshot of eBay order confirmation showing shipping address: Enrique CruzAuto Sales, 4801 Stockton Blvd, Sacramento, 95820-5436 CA, United States. Estimated delivery: Fri, Jan 30 - Wed, Feb 04]

6. Upon information and belief, Defendants have derived revenue from the sale of the infringing products in this District and have caused injury to Plaintiff within this District as a result of those sales.

**PARTIES**

7. Plaintiff Production Chemical Manufacturing, Inc. is a corporation organized and existing under the laws of California, doing business as Production Car Care Products. Plaintiff maintains its principal place of business at 1000 E. Channel Street, Stockton, California 95205.

8. Upon information and belief, Defendant Quality Chemical Company is a Florida corporation doing business as Best Cleaning Supply. Defendant may be served with process at 1835 NE 144th Street, North Miami, Florida 33181. Upon information and belief, Defendant conducts business activities in interstate commerce through the manufacture, distribution, marketing, and sale of cleaning and de-greasing products.

///

## FACTUAL ALLEGATIONS

9. In or about 1996, Plaintiff established valid trademark rights in the mark "RED POWER" for use in the manufacture and sale of cleaner and degreaser products. Plaintiff later obtained a Federal Trademark Registration, effective March 14, 2017, USPTO Registration No. 5160107 ("Mark" or "RED POWER®"). Plaintiff has continuously used the Mark in interstate commerce in connection with the manufacture, marketing, distribution, and sale of its cleaning and degreasing products at all times since.

10. A representative sample of Plaintiff's use of the Mark on product packaging is shown below.



11. Plaintiff's Mark is a valid and incontestable trademark that has acquired distinctiveness and secondary meaning in the marketplace through Plaintiff's extensive and continuous use, advertising, and promotion of products bearing the RED POWER® mark over a period of more than twenty-five years.

12. Plaintiff has invested substantial time, effort, and financial resources in developing, promoting, and maintaining the goodwill and reputation associated with the RED POWER® trademark. The RED POWER® mark has become associated in the minds of consumers with Plaintiff as the source of high-quality cleaning and degreasing products.

13. Without authorization, license, or consent from Plaintiff, and with full knowledge of Plaintiff's prior and superior rights in the RED POWER® mark, Defendant has been and continues to manufacture, market, distribute, advertise, and sell cleaning and degreasing products bearing the identical RED POWER® mark.

14. Defendant's unauthorized use of the RED POWER® mark occurs in connection with products that are identical or substantially similar to Plaintiff's products, specifically cleaner and degreaser products intended for the same consumer market and commercial applications as Plaintiff's products.

15. A representative sample of Defendants' infringing product packaging is shown below.



16. Defendant has conducted and continues to conduct its infringing activities through various channels of interstate commerce, including but not limited to online marketplaces such as eBay and Amazon, where Defendant has offered for sale and sold products bearing Plaintiff's RED POWER® mark without authorization.

17. In or about December 2025, Amazon removed Defendant's product listings that utilized the Mark in recognition of Plaintiff's trademark rights. Despite this action by Amazon, Defendant has persisted in claiming and exercising rights to use the RED POWER® mark and has continued its infringing activities through other distribution channels.

18. Plaintiff has made good faith efforts to resolve this matter outside of litigation by serving Defendant with multiple cease and desist letters demanding that Defendant immediately discontinue all use of the RED POWER® mark. In response to these cease and desist letters, Defendant has denied any wrongdoing and has refused to cease its infringing activities.

19. Defendant's continued use of the RED POWER® mark after receiving notice of Plaintiff's superior rights constitutes willful trademark infringement and demonstrates Defendant's intent to trade upon the goodwill and reputation that Plaintiff has established in connection with the RED POWER® mark.

20. Defendant's unauthorized use of the RED POWER® mark in connection with identical or substantially similar products creates a likelihood of confusion, mistake, or deception among consumers as to the source, origin, sponsorship, or approval of Defendant's products. Consumers are likely to believe that Defendant's products originate from, are sponsored by, or are otherwise associated with Plaintiff.

21. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and continues to suffer irreparable harm to its business reputation, goodwill, and customer relationships. Plaintiff has lost sales and profits, and its ability to control the quality and reputation of products sold under the RED POWER® mark has been compromised.

22. Defendant's actions constitute willful trademark infringement, unfair competition, and false designation of origin in violation of the Lanham Act. Unless enjoined by this Court, Defendant will continue to infringe Plaintiff's Mark and cause additional irreparable harm to Plaintiff.

## FIRST CLAIM FOR RELIEF
**(False Designation Of Origin, 15 U.S.C. § 1125(a)(1)(A))**

23. By Defendants' continuing unauthorized use, claim of ownership, and/or offers for sale under Plaintiff's Mark, and similar derivations thereof, Defendants have used and will continue to use a false designation of origin that is likely to cause confusion, mistake, or deception as to affiliation, connection, or association of Defendants with Plaintiff and is also likely to cause confusion as to the origin, sponsorship, or approval of Defendants' products, services or commercial activities by Plaintiff, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Because of Defendants' aforementioned conduct, Plaintiff has been irreparably harmed in its business enterprises. Moreover, Plaintiff will continue to suffer irreparable harm unless Defendants are restrained from making false designations of origin, false descriptions, or misrepresentations regarding the Defendants' products and/or services.

25. Since Defendants' continuing infringement is willful and intentional, Plaintiff is entitled to recover the actual damages it has sustained, according to proof at trial, and is further entitled to an award of enhanced damages for willful infringement, in addition to an award of costs and attorneys fees pursuant to section 35(a) of the Lanham Act. In addition, Plaintiff is entitled to recover Defendants' profits and reasonable royalties as damages.

## SECOND CLAIM FOR RELIEF
### (False Advertising, 15 U.S.C. §1125(a)(1)(B))

26. Plaintiff hereby incorporates by this reference each and every allegation contained in paragraphs 1 through 22 as if set forth fully herein.

27. Plaintiff alleges on information and belief that Defendants have falsely stated and advertised the source/origin of their products and services in a manner intended to pass off their products/services as those of Plaintiff, or to otherwise benefit from deception or mistake among consumers whereby consumers would identify Defendants' products as those manufactured, sold, licensed, or otherwise endorsed by Plaintiff.

28. By engaging in these activities, Defendants have engaged in false advertising under 15 U.S.C. §1125(a)(1)(B) and Defendants' conduct has created deception among consumers and members of the general public as to nature, characteristics, or qualities of their products/services.

29. Plaintiff has suffered actual damages as a result of Defendants' false statements in an amount to be proven at trial. Additionally, the harm to Plaintiff arising from Defendants' acts is not fully compensable by money damages. Plaintiff has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless Defendants' conduct is preliminarily and permanently enjoined.

30. Defendants' conduct as described above was willful and intentional. As a result, Plaintiff is further entitled to enhanced damages and an award of costs and attorney's fees under section 35(a)

of the Lanham Act. In addition, Plaintiff is entitled to recover Defendants' profits and reasonable royalties as damages.

### THIRD CLAIM FOR RELIEF
**(Unfair Competition, False Advertising; Cal. Bus. & Prof. Code §§ 17200, et seq.)**

31. Plaintiff hereby incorporates by this reference each and every allegation contained in paragraphs 1 through 22 as if set forth fully herein.

32. Defendants' aforementioned conduct is a further violation of California law, namely, California Business and Professions Code section 17500, which provides:

> **17500.** It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine.

33. By engaging in the foregoing activities, Defendants have engaged in unfair competition as defined by California Bus. & Prof. Code §§17200, et seq. and Defendants' wrongful use of Plaintiff's Mark and violation of the aforementioned laws and regulations represents unfair, deceptive, and misleading advertising in violation of California Bus. & Prof. Code §§17500, et seq.

34. Plaintiff further alleges on information and belief that Defendants have utilized deceptive and unfair practices to compete with Plaintiff, including solicitation of Plaintiff's employees for the purpose of acquiring proprietary and confidential information from said employees. Plaintiff alleges upon information and belief that Defendants are in possession of proprietary and confidential

information that Defendants know or should know was obtained or removed from Plaintiff illegally.

35. Plaintiff has suffered actual injury, including loss of revenue and good will, as a result of Defendants' unfair business practices and acts of unfair competition. Plaintiff has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless Defendants' conduct is preliminarily and permanently enjoined.

### FOURTH CLAIM FOR RELIEF
**(Trademark Counterfeiting and Infringement 15 U.S.C. §§ 1114(1), 1116(d), and 1117(b)–(c))**

36. Plaintiff hereby incorporates by this reference each and every allegation contained in paragraphs 1 through 22 as if set forth fully herein.

37. Plaintiff is the owner of the Mark, which is valid, subsisting, and in full force and effect.

38. The Mark was registered on the Principal Register of the United States Patent and Trademark Office prior to Defendant's unlawful acts alleged herein.

39. Defendant, without the authorization, consent, or permission of Plaintiff, has used and continues to use in commerce a mark that is identical or substantially indistinguishable from Plaintiff's RED POWER® mark (the "Counterfeit Mark"), as shown by the image above in paragraph 13.

40. Defendant has used the Counterfeit Mark in connection with the sale, offering for sale, distribution, and/or advertising of goods that are identical to or substantially indistinguishable from the goods covered by the Mark.

41. Defendant's use of the Counterfeit Mark is likely to cause confusion, mistakes, or deception among consumers as to the source, sponsorship, or approval of Defendant's goods.

42. Defendant's use of the Counterfeit Mark constitutes the use of a counterfeit mark within the meaning of 15 U.S.C. § 1116(d)(1)(B).

43. Upon information and belief, Defendant intentionally adopted and used the Counterfeit Mark with the knowledge that it was counterfeit and with the intent to cause confusion, mistake, or deception.

44. Defendant's acts constitute willful trademark counterfeiting or, alternatively, trademark infringement in violation of 15 U.S.C. § 1114(1).

COMPLAINT FOR LANHAM ACT VIOLATIONS

45. Defendant's conduct has caused and is likely to continue to cause irreparable harm to Plaintiff, including damage to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

46. Defendant's actions were willful, deliberate, and in bad faith, entitling Plaintiff to enhanced remedies, including treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(b), or, in the alternative, statutory damages pursuant to 15 U.S.C. § 1117(c).

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as follows:

a. That Defendants be preliminarily and permanently enjoined from using the Counterfeit Mark or any mark identical or substantially indistinguishable from the Registered Mark;

b. That the Court order the seizure, impoundment, and destruction of all counterfeit goods, labels, packaging, and promotional materials pursuant to 15 U.S.C. § 1116(d);

c. That Plaintiff recover statutory damages under 15 U.S.C. § 1117(c), or alternatively treble damages and Defendant's profits under 15 U.S.C. § 1117(b);

d. That the Court enter judgment that Defendants have falsely designated an origin, affiliation or sponsorship by or with Plaintiff's trademarks and trade dress under the Lanham Act, 15 U.S.C. §1125(c);

e. That the Court enter judgment that Defendants have competed unfairly pursuant to the Lanham Act, 15 U.S.C. §1125(a), and the common law, and be permanently enjoined from continuing such conduct;

f. That the Court enter judgment that Defendants have competed unfairly under Cal. Bus. & Prof. Code §§17200, et seq. and advertised falsely under §§ 17500, et seq., and be permanently enjoined from continuing such conduct and required to return to Plaintiff all property they received from Plaintiff by way of its former employees;

g. That the Court preliminarily and permanently enjoin Defendants from using the Plaintiff's trademarks, designations of origin, and any other mark, dress, word,

term, name, symbol, or device that is confusingly similar to the Plaintiff's trademarks or trade dress;

h. That Defendants be ordered to pay damages or restitution to Plaintiff as a result of Defendants' unlawful acts complained of herein, including without limitation reasonable royalties, in an amount to be determined by this Court, and that said damages be trebled insofar as Defendants' unlawful acts constitute willful infringement;

i. That Defendants be ordered to account for and pay over to Plaintiff all profits realized by Defendants from the unlawful acts complained of herein;

j. That Defendants be ordered to pay Plaintiff's attorneys' fees and costs for this action pursuant to the Lanham Act;

k. That Defendants be required to pay prejudgment and post-judgment interest until such awards are paid; and

l. That Plaintiff be granted such other and further relief as shall seem just and proper to the Court.

**DEMAND FOR JURY**: Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial on all claims and issues so triable.

DATED: February 16, 2026         **PETERSON WATTS LAW GROUP, LLP**

By: _____
GLENN W. PETERSON

*Attorney for Plaintiff,*
Chemical Manufacturing, Inc., d/b/a Production Car Care Products